**663 WAGNER vs. CIRCUIT JUDGE** (Calhoun), No. 14445.

To vacate an order made in a case appealed from the Probate Court denying a motion to set aside, for alleged want of jurisdiction, proceedings had in said Probate Court adjudging relator to be an incompetent person and appointing a guardian.

Denied October 30, 1894, with costs.

Two daughters of the relator, in October, 1893, filed a petition in the Probate Court setting forth that relator was mentally incompetent to have the care and custody of his person and estate and praying for the appointment of a guardian. The application was strenuously resisted and a mass of testimony was taken. Pending this proceeding, an order was entered on February 10, 1894, by consent of all parties, suspending the hearing and requiring the alleged incompetent to observe certain injunctions, evidently designed for his protection against designing persons, and the protection of all parties concerned.

The order, however, provided that "if the foregoing conditions are complied with, then further proceedings shall be suspended, otherwise they may be continued upon proper application by the said petitioners."

On April 9, 1894, petitioners filed a petition setting forth that the requirements of the aforesaid order had not been complied with, and asking that relator be cited to appear and the proceedings for the appointment of a guardian "may proceed and be concluded."

It was conceded that the court acquired jurisdiction under the first petition, and that all parties interested were properly notified of the proceedings under the second petition and appeared therein.

A guardian was finally appointed and relator's contention is that the Probate Court lost jurisdiction under the first petition by the entry of the order of February 10, and the suspension of the hearing, and that the second petition did not contain the necessary averments to confer jurisdiction.

The circuit judge held that the order and adjournment of the matter without day did not divest the court of jurisdiction, and that proceedings under the second petition were a continuation of those instituted by the original petition.